J-S51020-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT C. ROWE | |
| Appellant | No. 1981 MDA 2013 |

Appeal from the Order Entered October 22, 2013
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000187-1989
CP-38-CR-0000783-1989

BEFORE:  BOWES, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 24, 2015**

Robert C. Rowe appeals *pro se* from the order entered on October 22, 2013, in the Court of Common Pleas of Lebanon County, finding him in contempt for non-payment of restitution, and ordering him to a term of two months' imprisonment, with the purge condition that he pay $300.00, and requiring him to pay $100.00 per month thereafter.[1, 2]  Rowe, formerly an

---

[1] "[Rowe] immediately paid the $300.00 purge amount and was released from custody."  Trial Court Opinion, 12/5/2013, at 8.

[2] While Rowe's appellate brief does not conform to the Rules of Appellate Procedure in numerous ways, **see** Pa.R.A.P. 2111(a)(1), (a)(2), (a)(3), (a)(4), (a)(5)(a)(11) and (a)(12), we will refrain from quashing the instant appeal.  **See** Pa.R.A.P. 2101. Despite the brief's inadequacies, the defects are not so substantial as to preclude us from understanding the issue Rowe raises and conducting meaningful appellate review.

attorney, contends he should not be required to pay restitution because the Pennsylvania Lawyers Fund for Client Security (PLFCS) has already compensated the client-victims. For the following reasons, we affirm.

The trial court has aptly detailed the facts and procedural history of this case, dating back to 1989, and, therefore, we need not restate the background of this case here. ***See*** Trial Court Opinion, 12/5/2013, at 1–8.

At issue in this appeal is the court's contempt order. At the outset, we state our standard of review:

> A trial court's finding of contempt will not be disturbed absent an abuse of discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

***Commonwealth v. Griffiths***, 15 A.3d 73, 76–77 (Pa. 2010) (citations omitted).

Here, Rowe is challenging the trial court's contempt order, contending he should not be obligated to pay restitution. In effect, Rowe's claim is directed to the restitution orders that underlie the contempt order, specifically, the court's order of November 16, 2001, ordering Rowe to pay restitution to PLFCS, and the court's order of May 10, 2012, denying Rowe's motion challenging the legality of the restitution sentence, and ordering Rowe to continue to make restitution payments.

This Court previously found that Rowe's August 24, 2010, challenge to the court's November 16, 2001 restitution order was untimely. ***See***

*Commonwealth v. Rowe, supra*, 31 A.3d 750 (Pa. Super. June 21, 2011) (unpublished memorandum). Furthermore, Rowe's appeal from the trial court's May 10, 2012, order, finding the restitution order valid and enforceable, was dismissed by this Court, and Rowe did not seek further review by this Court or the Pennsylvania Supreme Court. *See Commonwealth v. Rowe, supra*, 81 A.3d 996 (Pa. Super. May 14, 2013) (unpublished memorandum). As Rowe's ability to challenge these orders has been waived, no relief is due.

Accordingly, we affirm the order of the trial court finding Rowe in contempt for failure to pay restitution.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/24/2015